UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY D. JOFFRION | CIVIL ACTION |
| VERSUS | |
| EXCEL MAINTENANCE SERVICES, INC. AND RICHARD MILLER, JR. | NO. 11-528-BAJ-CN |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, September 19, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

indifference" to his federally protected rights by paying him less than "free-world" employees. He further alleges that the defendants violated the Equal Protection Clause of the Fourteenth Amendment and the Thirteenth Amendment to the U.S. Constitution, along with his rights under Louisiana state law, by paying him less than "free-world" employees who performed identical work. Plaintiff seeks declaratory judgment, compensatory, and punitive damages as a result of the defendants' alleged actions.

On August 8, 2011, defendants removed the matter to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, contending that plaintiff's petition raises federal claims under the Thirteenth and Fourteenth Amendments to the U.S. Constitution and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.[1] On August 22, 2011, plaintiff filed the present objection to defendants' notice of removal, contending that his suit should be remanded to state court because he is not pursuing federal claims under either the U.S. Constitution or the FLSA in this matter; instead, he asserts that he is only seeking relief for violations of Louisiana state law.[2] Defendants have opposed plaintiff's motion, arguing that it is evident, based upon the language contained in plaintiff's petition, that he is seeking relief under the U.S. Constitution in this case, such that this Court has federal question

---

[1] See, Notice of Removal, R. Doc. 1.

[2] See, plaintiff's objection, R. Doc. 4.

2

indifference" to his right to earn an equal and fair wage pursuant to La. R.S. 15:1111(G) and that such conduct resulted in his being terminated from Excel and subsequently removed from the work release program, thereby causing him a "severe loss of wages, and a severe deprivation of privileges." He expressly alleges, in Paragraph 36 of his original petition, that, in addition to violating state law, defendants also violated federal law, specifically the Fair Labor Standards Act ("the FLSA"). He asserts that, by hiring work release inmates at a lower wage than industry standard, the defendants created unfair competition among "free-world" workers looking to secure a job and earn a fair wage, in violation of the FLSA, 29 U.S.C. §206. Plaintiff seeks compensatory damages to compensate him for alleged loss of past and future fair wages (including overtime wages)[1] and for loss of privileges and quality of life in addition to punitive damages to "punish [d]efendants for the negligence, discrimination, and illegal wage forced upon" him.

On August 2, 2011, defendants removed plaintiff's suit to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441. On August 18, 2011, plaintiff filed both the "Objection to Notice of Removal," which is at issue in this report, as well as an amended petition (R. Doc. 5). In his amended petition, he omits Paragraph 36 of his original petition, wherein he alleged that defendants' conduct violated the FLSA. On September 6, 2011, defendants filed an opposition to plaintiff's objection, in which they contend that this matter should not be remanded to state court because

---

[1] He seeks an award of not only the wage differential between the hourly wage rate that he received and that which he claims was paid to other "free-world" Excel workers but also overtime pay at a rate of one-and-a-half times that hourly rate based upon hours he claims to have worked in excess of the 40 hour workweek.

plaintiff is not permitted to manipulate the Court's jurisdiction by "unpleading" his federal FLSA claim post-removal.

## LAW & ANALYSIS

An action filed in state court is properly removed by a defendant only if the action could have originally been filed in federal court. *Moham v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.*, 2000WL 335841, *1 (E.D. La. 2000), citing *Caterpillar v. Williams*, 107 S.Ct. 2425, 2429 (1987). Additionally, under the well-pleaded complaint rule, a plaintiff's properly pleaded complaint governs the jurisdictional determination, and if, on its face, the complaint contains an issue of federal law, there is federal question jurisdiction. *Id.* The amended complaint filed by the plaintiff in this matter, which omitted his allegation that defendants' conduct violated the FLSA, is not considered in determining whether or not this case was properly removed. Instead, jurisdiction is determined based upon the complaint at the time the petition for removal was filed. *Id.*, citing *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250, 1254 (5th Cir. 1990). Since the petition for removal was filed in this case prior to the amended complaint being filed, jurisdiction is determined based upon the allegations in the original petition.

In the original petition, plaintiff expressly alleged that defendants' illegal and discriminatory wage practices violated the FLSA, a federal law. Additionally, plaintiff asserted a claim for overtime pay at a rate of one-and-a-half times the regular rate of pay for hours worked in excess of 40 hours during the workweek. This Court has previously recognized that Louisiana does not have a state statute that provides for the recovery of overtime wages absent a contract to pay overtime. Absent a contract, payment of overtime wages is governed exclusively by the FLSA, 28 U.S.C. §207. *Woods v. Berean Children's*

*Home, Inc.*, 2010 WL 1050120 (M.D.La. 2010), citing *Odom v. Respiratory Care, Inc.*, 1998-0263 (La.App. 1 Cir. 2/19/99), 754 So.2d 252 (payment of overtime wages governed by FLSA).[2] Thus, the original petition in this matter asserted two issues of federal law, and federal question jurisdiction therefore existed at the time of removal, rendering it proper.[3]

While plaintiff's amended complaint filed on August 18, 2011 omitted Paragraph 36 from the petition and thereby deleted plaintiff's allegation that defendants' conduct violated the FLSA, plaintiff's claim for overtime pay at the rate set forth in the FLSA nevertheless remains in Paragraph 39. Thus, an issue of federal law still exists in this case, and it should not be remanded. Furthermore, even assuming that plaintiff's amended complaint deleted his claim for overtime pay since it omitted reference to defendants' alleged violation of the FLSA, district courts nevertheless have wide discretion in determining whether to retain supplemental jurisdiction over state law claims once all federal claims have been dismissed. *Id.*, citing *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). In making that

---

[2] *See also, Gillum v. ICF Emergency Management Services, LLC*, 2010 WL 370338 (M.D.La. 2010); *Smith Diamond Offshore Management Co.*, 2003 U.S. Dist. LEXIS 23345 (E.D.La. 12/23/2003); *Houston Police Officers' Union v. City of Houston, Tex.*, 330 F.3d 298 (5th Cir. 2003)(The FLSA requires all employers to provide overtime compensation for employees who work more than 40 hours per week. In the private sector, compensation for excess hours is to be paid at a rate of not less than one-and-a-half times the employee's hourly wage. Public employers are to provide overtime compensation in the form of compensatory time at a rate of one-and-a-half hours for every excess hour worked).

[3] *See, Zivanic v. Washington Mutual Bank, F.A.*, 2010 WL 1875732 (N.D.Cal. 2010)(Federal question jurisdiction existed regarding borrower's action against bank and its employees, even though none of the complaint's 13 causes of action were explicitly framed as federal claims. The complaint made references to the defendants' alleged violation of the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Equal Credit Opportunity Act. Although the borrower claimed that she only included the federal statutes to support her contention that defendants had violated California's Unfair Competition Law, the complaint demanded a damages award, which was not available under that state law and which was only available under federal law).

*Contrast, Firefighters' Retirement System v. Regions Bank*, 598 F.Supp.2d 785 (M.D.La. 2008)("[B]ecause the compensatory damages that [plaintiff] seeks in each of the counts of its petition are not exclusively available to it under federal law, federal question jurisdiction does not exist in this case on that basis").

4

determination, district courts are to consider whether the "plaintiff has attempted to manipulate the forum" and should guard against such attempts by denying motions to remand. *Id.*, citing *Brown*, at 1255.[4] The undersigned finds that plaintiff has attempted to manipulate the forum by filing his amended complaint deleting his federal claim(s).[5] Therefore, this Court should retain jurisdiction over plaintiff's remaining state law claim pursuant to 28 U.S.C. §1367. *Id.*, at *2.

## **RECOMMENDATION**

For the above reasons, it is recommended that the "Objection to Notice of Removal" filed by plaintiff, Troy D. Joffrion, which objection the undersigned has construed to be a motion to remand, should be **DENIED** and that this matter should continue to proceed in this Court.

Signed in chambers in Baton Rouge, Louisiana, September 19, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[4] *See also, Unida v. Levi-Strauss & Co.*, 986 F.2d 970 (5th Cir. 1993), quoting *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990)("[C]ourts should consider whether the plaintiff has attempted to manipulate the forum in which his case will be heard simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case, and should guard against such manipulation by denying motions to remand where appropriate").

[5] *See, Guillot v. Bellsouth Telecommunications, Inc.*, 923 F.Supp. 112 (W.D.La. 1996)("Fifth Circuit precedent clearly establishes that a plaintiff's post-removal amendment of his petition, deleting all federal claims and leaving only pendent claims, does not divest the district court of properly triggered subject matter jurisdiction"); *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990)("[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished"); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981)("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed . . . Indeed, it has often been stated that the plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction").