UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY D. JOFFRION | CIVIL ACTION |
| VERSUS | |
| EXCEL MAINTENANCE SERVICES, INC. AND RICHARD MILLER, JR. | NO. 11-528-BAJ-CN |

### RULING & ORDER

This matter is before the Court on the Motion to Compel Defendants to Complete Discovery (R. Doc. 16) filed by plaintiff, Troy D. Joffrion ("Joffrion" or "plaintiff"). Defendants, Excel Maintenance Services, Inc. ("Excel") and Richard Miller, Jr. ("Miller")(collectively "defendants"), have filed an opposition (R. Doc. 18) to Joffrion's motion. Such motion should be denied for several reasons. First, the interrogatories, requests for production of documents, and requests for admission propounded upon Miller, which are at issue in the motion, were premature since they were served upon him before the parties to this matter had a discovery planning conference as required by Fed. R. Civ. P. 26(d). *See*, Rule 26(d)("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . .");[1] *Briggs v. T & D Plumbing and*

---

[1] Pursuant to Fed. R. Civ. P. 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise (neither of which circumstance exists herein), the parties must confer as soon as practicable to plan for discovery, and in any event, at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b). Fed. R. Civ. P. 26(f)(1). In conferring, the parties are to consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case, make or arrange for the disclosures required by Rule 26(a)(1), discuss any issues about preserving discoverable information, and develop a proposed discovery plan. Fed. R. Civ. P. 26(f)(2). The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. *Id.*

1

*Heating Co., Inc.*, 2011 WL 2970845 (D.Md. 2011)("Unless otherwise ordered by the Court, discovery may not begin until the parties have held a discovery conference and a scheduling order has been issued); *Madison v. Harford Cnty.*, 268 F.R.D. 563, 564-65 (D.Md. 2010)(denying plaintiffs' motion to compel discovery; their "discovery efforts [were] premature" because no discovery conference had occurred, and no scheduling order had been entered)(*citing* Fed. R. Civ. P. 26(d)(1), 26(f)). Since the discovery requests at issue in this motion were prematurely propounded, Miller was not required to timely respond to such requests.

Secondly, even assuming Joffrion had waited until after a discovery planning conference occurred to propound the subject discovery requests, his motion should nevertheless be denied relative to his requests for admission because he did not allow the thirty (30) day response period provided in Fed. R. Civ. P. 36(a) to expire prior to filing his motion to compel responses to the requests for admission.[2] Thirdly, Joffrion's motion should be denied because he failed to submit a certification with his motion that he conferred (or attempted to confer) with the defendants prior to filing the present motion in an effort at resolving the discovery dispute without court intervention as required by Fed. R. Civ. P. 37(a)(1). *See*, Fed. R. Civ. P. 37(a)(1)("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The

---

[2] Pursuant to Fed. R. Civ. P. 36(a), a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and relating to the genuineness of any described documents. Such matters are admitted unless, within thirty (30) days after being served, the party upon whom the request is directed serves on the requesting party a written answer or objection asserted to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a). Because Joffrion's requests for admission were propounded on October 24, 2011, his present motion, which was filed on November 15, 2011, was filed before the thirty (30) day response period had expired and is therefore premature as it relates to such requests.

2

motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").[3]

Finally, Joffrion's motion should be denied as moot because, although Miller was not required to respond to Joffrion's premature discovery requests, he did so on November 18, 2011, in light of the fact that Joffrion is a *pro se* litigant and in an effort at moving this case forward. *See*, Exhibit A to defendants' opposition, November 18, 2011 correspondence to Joffrion enclosing responses to his discovery requests.

Accordingly;

**IT IS ORDERED** that the Motion to Compel Defendants to Complete Discovery (R. Doc. 16) filed by plaintiff, Troy D. Joffrion, is hereby **DENIED** as premature, procedurally deficient, and/or moot.

Signed in chambers in Baton Rouge, Louisiana, November 30, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] According to defendants' opposition, no discovery dispute conference occurred in this matter prior to the filing of the present motion.

3

Case 3:11-cv-00528-BAJ -CN    Document 25    11/30/11    Page 3 of 3