TROY D. JOFFRION

VERSUS

EXCEL MAINTENANCE SERVICES, INC. AND RICHARD MILLER, JR.

CIVIL ACTION

NUMBER 11-528-BAJ-DLD

## ORDER

This inmate wage dispute action is before the Court on cross motions for summary judgment filed by the parties (rec. doc. 34 and 43), each of which has been opposed (rec. docs. 34 and 52). The Court has jurisdiction over this matter based on federal question jurisdiction, 28 U.S.C. §1331.

### Factual Background

On or about March 18, 2010, plaintiff Troy Joffrion was an inmate at the West Baton Rouge Parish Prison, who qualified for West Baton Rouge Parish work release program based on the guidelines set forth by the Louisiana Department of Public Safety and Corrections (LDOC) (rec. doc. 1-1). Plaintiff interviewed with Joe Arabie, West Baton Rouge Parish Job Placement Officer/Warden, and Rick Miller, Excel Group's project manager, for a position of "Material Hander" for Excel. Id. Thereafter, plaintiff was transferred to the West Baton Rouge Work Release Center (W.B.R.W.R.C.), and was hired by Excel as an at-will employee in the position of "Material Handler" and assigned to work at the Shintec Chemical plant in Addis, Louisiana.

On April 5, 2010, plaintiff and Excel executed a document entitled "State of Louisiana, Department of Public Safety and Corrections, West Baton Rouge Parish, Employers Work Release Agreement," that governed the terms of plaintiff's employment with Excel[1] (rec. doc. 54-4, p. 4). Pursuant to the agreement, Excel paid plaintiff $8.00/hour for regular time and $12.00/hour for overtime.[2] Id. Plaintiff was paid overtime based on "time and a half overtime for all hours worked in excess of forty hours in a workweek" (rec. doc. 44-2, p. 4 - Defendant Richard Miller's Responses to Plaintiff's Request for Admissions). It is undisputed that Excel paid its non-inmate employees working as Material Handlers wages starting at $12.00/hour for regular time and "time and a half overtime for all hours worked in excess of forty hours in a workweek" (Id., at p. 5).

On June 30, 2010, plaintiff refused a request by his Excel supervisor that he work outside and cut grass in the rain without a rain suit, and as a result, he was sent back to the W.B.R.W.R.C. (rec. doc. 44-4 - Affidavit of Troy Joffrion). Although the record is unclear as to whether plaintiff was terminated by Excel or whether plaintiff resigned his employment, plaintiff's work release privileges were revoked and he was sent back to the WBRPP.[3]

---

[1] While no one disputes what plaintiff was paid, there are issues of fact over which party established the rate of pay to be paid to plaintiff under the "Employers Work Agreement." Defendants offer an affidavit of Gerald Hennings, Excel's President/CEO at the time the agreement was executed, who states that Sheriff Cazes, Sheriff for West Baton Rouge Parish, established the rate of pay set forth in the agreement and informed Excel that "it could not deviate from this standard rate of pay" (rec. doc. 52-4, p. 2 - Affidavit of Gerald Hennings).

[2] Excel paid plaintiff $8.50/hour, on occasion. Plaintiff alleges that this $.50 increase reflects a "production bonus" that was paid to both inmates and non-inmate employees and that the increase does not affect a raise in his hourly wage (rec. doc. 1).

[3] The record is unclear as to whether plaintiff was terminated by Excel, as plaintiff alleges in his petition (rec. doc. 1-1, p. 8) or whether plaintiff voluntarily resigned his position with Excel (rec. doc. 44-3, p. 11- Defendant Richard Miller's responses to plaintiff's interrogatory number 22). Regardless, however,

Case 3:11-cv-00528-BAJ-DLD   Document 58   09/28/12   Page 2 of 8

On June 22, 2011, plaintiff filed a petition for damages for lost wages and deprivation of privileges against defendants Excel and Richard Miller, project manager at Excel. Plaintiff alleges that defendants paid him an illegal and discriminatory wage in violation of La. R.S. 15:1111(G)[4] by paying him (as a work release inmate) less than the "customary wages" paid for regular and overtime work performed by non-inmate employees in the same position. Plaintiff further alleges that Excel wrongfully terminated plaintiff, causing him to lose his work release privileges, as a result of Excel's "reckless disregard" and "callous indifference" to plaintiff's right to earn an equal and fair wage pursuant to La. R.S. 15:1111(G) (rec. doc. 1-1, p. 8).

Plaintiff and defendants have filed cross motions for summary judgment seeking a determination of whether plaintiff can maintain his claims against defendants for violations of La. R.S. 15:1111(G) and of the Fair Labor Standards Act. Defendants also seek to have plaintiff's claims for wrongful termination dismissed.[5]

## Summary Judgment Standard

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment bears the initial responsibility of

---

plaintiff's declaration states that as a result of his withdrawal from the work release program with Excel, he was placed in a lock-down, maximum security dorm, where he suffered a loss of privileged and quality of life in his prison conditions, a loss of liberty enjoyed by inmates participating in a work release program, and a severe loss of wages (rec. doc. 44-4, p. 9).

[4] La. R.S. 15:1111 sets forth the requirements for the work release programs authorized by the LDOC. La. R.S. 15:1111(G) provides that "[t]he wages of an inmate so employed shall not be less than the customary wages for an employee performing similar services."

[5] Plaintiff does not state claim for wrongful termination based on federal law. Plaintiff was an at-will employee and, therefore, could be terminated for any reason that is not discriminatory.

-3-

Case 3:11-cv-00528-BAJ-DLD   Document 58   09/28/12   Page 3 of 8

informing the district Court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912–13 (5th Cir.1992) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

When the moving party has carried its burden under Rule 56(c), the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed .2d 538 (1986); see also, *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995). An issue as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, at 255.

## **DISCUSSION**

Plaintiff's primary claim in this matter is a claim against defendant Excel for the recovery of past and future wages as a result of Excel's alleged violation of La. R.S. 15:1111(G) by paying plaintiff, as an inmate employee, less than the "customary wages" paid to non-inmate employees working in the position of "Material Handler." Plaintiff argues that the "customary wage" that defendant pays to its non-inmate employees for regular time ($12.00/hour) is the minimum wage that it can legally pay plaintiff as an inmate employee for performing the same work. Furthermore, defendant's failure to pay him the

Case 3:11-cv-00528-BAJ-DLD   Document 58   09/28/12   Page 4 of 8

"customary wage" for regular time affects his overtime pay, which is calculated at one and one-half times the regular rate of pay and, therefore, results in a violation of the FLSA.

Defendants raise numerous arguments in defense of these claims, including that plaintiff does not have standing to sue or bring a private right of action against his private employer under La. R.S. 15:1111. Defendants suggest, instead, that plaintiff's claim should have been against LDOC in the form of a complaint regarding his "conditions of confinement" under the Prison Reform Act. Defendants further argue that the FLSA does not apply to plaintiff as an inmate employee, but even if it does, defendants complied with the requirements of the FLSA in paying plaintiff minimum and overtime wages.

Plaintiff appears to be covering all his bases in the motion by seeking recovery under the FLSA and by seeking damages for unpaid overtime pay (based on a violation of La. R.S. 15:1111) at the rate required by the FLSA. At the outset, however, before even reaching what plaintiff was paid, both parties agree that the Fifth Circuit has yet to address whether an inmate, such as plaintiff, sentenced to hard labor working outside of the prison for a private entity is an employee covered by the FLSA. See *Watson v. Graves*, 909 F.2d 1549 (5th Cir. 1990)(Court held that inmate employee *not sentenced to hard labor* working outside of prison for private entity pursuant to work release agreement is a FLSA employee of the private employer); *Williams v. Henagan*, 595 F.3d 610 (5th Cir. 2010)(Court held that even if FLSA did apply to inmate sentenced to hard labor working outside of prison for private entity, inmate employee in this case was not an "employee" and was not "engaged in commerce."

This Court need not decide whether plaintiff was an FLSA employee of defendant Excel in this case, however, because even if plaintiff were to get past his first hurdle, he

Case 3:11-cv-00528-BAJ-DLD   Document 58   09/28/12   Page 5 of 8

fails on the underlying merits of his claim. The FLSA requires only that an employer pay employees who are "engaged in commerce or the production of goods for commerce" certain *minimum* wages and overtime wages. See 29 U.S.C. §206(a) and §207(a)(1). Specifically, the FLSA establishes that an employee covered by the Act must be paid a minimum wage of at least $7.25/hour. See 29 U.S.C. §206(a)(1)(c). The FLSA further provides that an employee working in excess of 40 hours a week must be paid overtime wages "at a rate not less than one and one-half times the regular rate at which he is employed." See 29 U.S.C. §207(a)(1).

Here it is undisputed that defendant paid plaintiff regular wages in the amount of $8.00/hour, which is in excess of the mandatory minimum wage requirement of $7.25/hour established by the FLSA at the time of plaintiff's employment. The FLSA does not require defendant Excel to pay plaintiff what plaintiff deems to be the "customary wage" of $12.00/hour paid to non-inmate employees; it requires only that he be paid the mandatory minimum wage amount. Additionally, defendant admits that plaintiff's overtime wage of $12.00/hour was based on "one and one-half times the regular rate of employment," which is required by the FLSA. Thus, even if plaintiff were to ultimately establish that pursuant to La. R.S. 15:1111(G), he should have been paid the "customary wage" of $12.00, defendants have agreed that overtime is calculated at "one and one-half times the regular rate of employment," which is in keeping with the FLSA requirement. In light of the fact that defendant Excel paid plaintiff regular wages in excess of the FLSA minimum wage and its method of calculating overtime wages is in compliance with the requirements of the FLSA,

Case 3:11-cv-00528-BAJ-DLD   Document 58   09/28/12   Page 6 of 8

any claim that plaintiff's regular and overtime wages paid by defendant Excel violated the FLSA is without merit and must be dismissed.[6]

The FLSA claim provided the only basis of subject matter jurisdiction in this matter, leaving only state law claims once the federal claim is dismissed. Whether plaintiff has a private right of action against his private employer for an alleged violation of La. R.S. 15:1111(G) arising from defendant Excel's alleged failure to pay plaintiff the "customary wage" paid to non-inmate Material Handlers is a novel issue of state law that predominates over the claim over which this Court had original jurisdiction - the FLSA claim. The Court, having decided to dismiss plaintiff's only federal claim, therefore declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, including plaintiff's claim for unpaid wages based on La. R.S. 15:1111 and his claim for wrongful termination.

Accordingly,

**IT IS ORDERED** that defendants' motion for summary judgment (rec. doc. 34) is **GRANTED IN PART AND DENIED IN PART** in that plaintiff's claim arising under the Fair Labor Standards Act is **DISMISSED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (rec. doc. 43) is **DENIED.**

---

[6] See, e.g., *Henry v. Stalder*, 2006 WL 1766558 (W.D. La. 2006), where the Court dismissed as frivolous plaintiff's claim against his private employer for violating the minimum wage requirement under the FLSA based on allegations that his regular wage was "less than the customary wages for an employee performing the same duties" in violation of La. R.S. 15:1111, when plaintiff was paid in excess of the statutory minimum wage for employment established by the FLSA.

Case 3:11-cv-00528-BAJ-DLD   Document 58   09/28/12   Page 7 of 8

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over all of plaintiff's remaining state law claims; therefore, this matter is **REMANDED** to the **18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana.**

Baton Rouge, Louisiana, September 27, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

-8-

Case 3:11-cv-00528-BAJ-DLD   Document 58   09/28/12   Page 8 of 8